UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LADIES PROFESSIONAL GOLF ASSOCIATION,<br><br>         Plaintiff,<br> against<br><br>JOONGANG ILBO CO., LTD.,<br><br><br>         Defendant. | CIVIL ACTION NO.: 1:25-cv-02493-ALC |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS OR STAY**

                **TROUTMAN PEPPER
                LOCKE LLP**
                Joseph M. DeFazio
                875 Third Avenue
                New York, New York 10022
                (212) 704-6162
                joseph.defazio@troutman.com

                **JIPYONG LLC**
                Jinhee Kim *(pro hac vice)*
                Yong Ik Lee *(pro hac vice)*
                26F, Grand Central A
                14 Sejong-daero, Jung-gu
                Seoul 04527, Republic of Korea
                +82-2-6200-1782
                jinheekim@jipyong.com
                yilee@jipyong.com

                *Attorneys for Defendant
                JoongAng Ilbo Co., Ltd.*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

I. THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM. ................................... 1

    A. The Complaint Fails to Plead the Underlying Debt. ................................................ 1

        **1. The Complaint Fails to Plead JTBC's Breach.** .................................... 2

        **2. JTBC's Liability Is Not "Contractually Specified" – It Can Only Be Ascertained Through the Arbitration.** .................................... 4

    B. Plaintiff Reaches Beyond What the Guarantee Provides. ....................................... 4

    C. Plaintiff Fails to Identify Any Allegation of Defendant's Failure to Perform. ................................................................................................................... 6

    D. Plaintiff Bears the Burden of Pleading Sufficient Facts Irrespective of Any Waiver. ............................................................................................................. 6

II. STAY IS NOT ONLY APPROPRIATE BUT ALSO NECESSARY TO PREVENT INJUSTICE. ................................................................................................... 7

    A. Plaintiff Seeks to Hamper the Court's Discretionary Power to Manage Its Docket. ...................................................................................................................... 7

    B. Plaintiff Cannot Deny that the Arbitration May Render This Case Moot. ............. 8

    C. Plaintiff Cannot Deny the Risk of Inconsistent Outcomes. .................................... 9

    D. Abiding By the Arbitration Agreement Does Not Prejudice Plaintiff. ................. 10

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ally Fin. Inc. v. Comfort Auto Grp. NY LLC*,
   2022 WL 3703955 (E.D.N.Y. Aug. 26, 2022) ............................................................... 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................... 3

*Aurora Distributed Solar, LLC v. AKTOR, S.A.*,
   2017 WL 11708413 (S.D.N.Y. June 8, 2017) .............................................................. 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 1, 6

*Canterbury Realty and Equip. Corp. v Poughkeepsie Sav. Bank*,
   135 AD2d 102 (3d Dept 1988) ..................................................................................... 7

*Cerco Bridge Loans 6 LLC v. Schenker*,
   768 F. Supp. 3d 559 (S.D.N.Y. 2025) ............................................................... 2, 5, 6

*Cheung v. Sunrise Plaza, LLC*,
   237 A.D.3d 799 (2025) ................................................................................................. 6

*Cityside Archives, Ltd. v. Weiss*,
   2020 WL 3972310 (S.D.N.Y. July 13, 2020) ............................................................. 6

*Clarus Corp. v. Caption Mgmt. LLC*,
   2025 WL 896890 (S.D.N.Y. Mar. 24, 2025) ............................................................... 1

*Cooper v. Parsky*,
   140 F.3d 433, 440 (2d Cir. 1998) ................................................................................ 4

*Dig Ssof Evanston Lender, LLC v. Yen*,
   227 A.D.3d 408 ......................................................................................................... 4, 9

*Greenlight Reinsurance, Ltd. v. Appalachian Underwriters, Inc.*,
   958 F. Supp. 2d 507 (S.D.N.Y. 2013) ......................................................................... 3

*Hitachi Construction Machinery Co., Ltd v. Weld Holdco, LLC*,
   2023 WL 8452389 (S.D.N.Y. Dec. 6, 2023) ........................................................ 8, 10

*Illinois Nat'l Ins. Co. v. U.S. Fid. & Guar.*,
   2008 WL 4840821 (S.D.N.Y. Nov. 5, 2008) ........................................................... 8, 9

*Javelin Glob. Commodities (UK) Ltd. v. Booth*,
 2022 WL 1304802 (S.D.N.Y. May 2, 2022) ...................................................................3

*KCG Holdings, Inc. v Khandekar*,
 2018 WL 485978 (S.D.N.Y. Jan. 18, 2018) ....................................................................8

*Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*,
 67 F.3d 20 (2d Cir.1995) .................................................................................................7

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
 676 F.3d 83 (2d Cir. 2012) ..............................................................................................7

*Manufacturers Hanover Tr. Co. v. Yanakas*,
 7 F.3d 310 (2d Cir. 1993) ................................................................................................5

*Merch. Cash & Cap. LLC v. Edgewood Grp., LLC*,
 2015 WL 4430643 (S.D.N.Y. July 2, 2015) ....................................................................2

*Overseas Priv. Inv. Corp. v. Furman*,
 2012 WL 967458 (S.D.N.Y. Mar. 14, 2012) ...................................................................5

*Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*,
 893 F. Supp. 285 (S.D.N.Y. 1995) ..................................................................................3

*Rey-Willis v. Citibank, N.A.*,
 2003 WL 21714947 (S.D.N.Y. July 23, 2003) ................................................................8

*S & R Co. of Kingston v. Latona Trucking, Inc.*,
 159 F.3d 80 (2d Cir.1998) .............................................................................................10

*Sovereign Bank v. Ellis*,
 2009 WL 2207922 (S.D.N.Y. July 23, 2009) ..................................................................4

*Thor 725 8th Ave. LLC v. Goonetilleke*,
 138 F. Supp. 3d 497 (S.D.N.Y. 2015) .........................................................................6, 9

*Torin Associates, Inc. v. Perez*,
 2016 WL 6662271 (S.D.N.Y. Nov. 10, 2016) .................................................................6

*Yost v Everyrealm, Inc.*,
 2023 WL 2859160 (S.D.N.Y. Apr. 10, 2023) ................................................................10

Defendant files this Reply in response to Plaintiff's Opposition (Dkt. 30, "Opp.") to Defendant's Motion to Dismiss or Stay (Dkt. 27, "Mot.").

## PRELIMINARY STATEMENT

Plaintiff contradicts itself in the Opposition. On the one hand, Plaintiff pursues the same claims in the Arbitration and in this lawsuit based on same set of operative facts. On the other hand, Plaintiff argues that the Arbitration is unnecessary and has "no bearing on this action." Opp. at 6. Plaintiff's conduct belies its statement. Plaintiff cannot recover against JoongAng without an underlying debt by JTBC. In order to establish JTBC's debt, Plaintiff was required to pursue the Arbitration. Thus, regardless of the merits of Plaintiff's claim, this action should be stayed pending the Arbitration's outcome. Considering the feasibility of Plaintiff's claim on the face of the Complaint, the Court should dismiss it without prejudice.

## ARGUMENT

### I.   THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM.

It does not suffice for the Complaint to allege simply that "JTBC has not met is payment obligations" – it must state "enough facts to state a claim to relief that is plausible on its face." [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)](). Here, Defendant moved to dismiss because the Complaint does not adequately plead JTBC's underlying debt to LPGA, nor did it plead the necessary elements to enforce the Guarantee.

#### A.   The Complaint Fails to Plead the Underlying Debt.

As a preliminary matter, Plaintiff argues in a footnote that the Court should not consider documents filed in the Arbitration ("Arbitration Documents") in connection with the Motion because they were filed after the Complaint. Opp. at 7, fn. 4. Plaintiff's effort to limit the applicability of [Clarus Corp. v. Caption Mgmt. LLC, 2025 WL 896890 at 1 n.1 (S.D.N.Y. Mar. 24, 2025)]() (Carter, J.) is no different from splitting hairs. While Plaintiff obviously could not

have referenced the Arbitration Documents in the Complaint (because they did not exist at the time), all of their contents – particularly the facts integral to JTBC's Request for Arbitration and the LPGA's Answer – were within Plaintiff's knowledge at the time it framed the Complaint. *Id.* (holding that "documents or ***information*** contained in defendant's motion papers [that] plaintiff has knowledge or possession of the material and relied on it in framing the complaint" may be considered in relation to a motion to dismiss) (emphasis added). Plaintiff simply decided not to "reference" those facts in its possession because they would negate the existence of the underlying debt. The Arbitration Documents reveal Plaintiff's understanding of the need to establish the underlying debt through the Arbitration, contradicting Plaintiff's stated position in the Opposition that it need not go through the Arbitration at all. Opp. at 6.

          **1.**        **The Complaint Fails to Plead JTBC's Breach.**

Plaintiff's primary theory is that JTBC's debt is "apparent from the face of the Complaint." Opp. at 10. That is hardly the case. Given that the underlying debt is JTBC's alleged breach of the Agreements, Plaintiff was required to plead all elements of breach of contract, which it did not. *Cerco Bridge Loans 6 LLC v. Schenker*, 768 F. Supp. 3d 559, 578–79 (S.D.N.Y. 2025) (holding that the plaintiff failed to state a claim for breach of the guaranty because it did not plead the facts showing that the underlying lease agreement was "amended, modified, terminated, or surrendered.").

In an attempt to salvage the deficient Complaint, Plaintiff argues that it had "no obligation to plead the standard elements for breach of contract." Opp. at 9. However, even Plaintiff's own cited cases undermine this argument. In *Edgewood*, a Southern District court held that the plaintiff adequately pleaded the existence of the underlying debt precisely because it alleged all four elements of breach of contract. *Merch. Cash & Cap. LLC v. Edgewood Grp., LLC*, 2015 WL 4430643, at *11 (S.D.N.Y. July 2, 2015). Likewise, an Eastern District court found an underlying

debt where the plaintiff pleaded the requisite elements of breach of contract. *Ally Fin. Inc. v. Comfort Auto Grp. NY LLC*, 2022 WL 3703955, at *4 n.16 (E.D.N.Y. Aug. 26, 2022).

What is apparent from the Complaint is the absence of facts concerning the underlying debt. The Complaint's only allegations regarding JTBC's liability is admittedly "that JTBC has not met is payment obligations for virtually all of 2024 and 2025." Opp. At 10; *see* Compl., ¶¶ 21, 22, 27, 28. The Complaint's only allegation regarding Plaintiff's performance is: "Throughout the pendency of these Agreements… the LPGA has consistently fulfilled its obligations and honored its commitments to this partnership." Compl., ¶ 21. Such conclusory statements are *not* entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *see also Javelin Glob. Commodities (UK) Ltd. v. Booth*, 2022 WL 1304802, at *5 (S.D.N.Y. May 2, 2022) ("[t]he Letter Agreement alone [did] not establish what [the primary obligor] owes [plaintiff] – if anything – such that [defendant] has an obligation under the Guaranty to pay those amounts."); *Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*, 893 F. Supp. 285, 291 (S.D.N.Y. 1995)

Plaintiff's secondary theory is that the Complaint sufficiently pleaded "default" because "[t]he Guarantee is unconditional and imposes zero performance obligations on the LPGA." Opp. at 12. However, Plaintiff fails to explain how a mere reference to the Guarantee can satisfy Plaintiff's burden to plead the elements of JTBC's alleged breach of the Agreements. *Id*. Moreover, Plaintiff misstates the holding in *Greenlight* – the court in *Greenlight* did not consider "only the terms of the relevant guarantees, rather than the terms of the original agreements." Opp. at 12; *Greenlight Reinsurance, Ltd. v. Appalachian Underwriters, Inc.*, 958 F. Supp. 2d 507, 522 (S.D.N.Y. 2013). *Greenlight* stands for the opposite proposition – a plaintiff seeking to enforce a guaranty must also plead, with sufficient details, facts satisfying the elements of the breach of the underlying agreements. *Id*. The Complaint contains no such allegations.

### 2. JTBC's Liability Is Not "Contractually Specified" – It Can Only Be Ascertained Through the Arbitration.

Next, Plaintiff argues that the sums it claims are "contractually specified and delineated and not dependent on the outcome of the arbitration." Opp. at 13. Plaintiff misrepresents the Guarantee. It does not specify <u>any</u> pre-determined sum which Defendant is obliged to pay. Ex. A to Compl. The only possible method to quantify any sum owed between Plaintiff and JTBC is through the Arbitration, and Plaintiff agrees with this in the Arbitration Documents. Kim Decl., Ex. D, ¶ 120.

The Complaint seeks payment from Defendant a sum which JTBC may not owe under the Agreements. The relief Plaintiff seeks cannot be ascertained prior to the Arbitration's conclusion because a guarantor cannot hold a greater liability than the primary obligor. *Dig Ssof Evanston Lender, LLC v. Yen*, 227 A.D.3d 408, at 409. Plaintiff relies on *Sovereign Bank* to bypass this rule. However, in *Sovereign Bank* the relevant "Guaranty Agreement states … explicitly that the guarantors must perform Borrower's obligations," whereas here no such explicit language can be found in the Guarantee. Opp. at 13; *Sovereign Bank v. Ellis*, 2009 WL 2207922, at *2 (S.D.N.Y. July 23, 2009). While the defendants in *Sovereign Bank* submitted arguments only on the merits of their case, the Motion addresses the "legal feasibility" of the Complaint – *i.e.*, the risk of a result that could violate established case law. *Id.*; *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

### B. <u>Plaintiff Reaches Beyond What the Guarantee Provides.</u>

In the Opposition, Plaintiff asks the Court to go beyond the four corners of the Guarantee and find Defendant obligated for something that it never agreed to. According to the express terms of the Guarantee, Defendant's only obligations are to (i) cause JTBC to perform under the Agreements, and to (ii) pay LPGA's expenses incurred to enforce the Guarantee. Ex. A to Compl., ¶ 2.

Ignoring such clear language, Plaintiff argues that Defendant owes an extra obligation to also step in as the primary obligor and pay all sums allegedly owed by JTBC under the Agreements. Opp. at 14. Plaintiff argues that the Guarantee is one of payment and performance and not of collection. *Id*. at 15. However, such language by itself is insufficient to establish that a guaranty is absolute and unconditional, or that the guarantor must immediately pay a sum larger than the underlying debt. *Schenker,* 768 F. Supp. 3d at 577-78; *see also Manufacturers Hanover Tr. Co. v. Yanakas,* 7 F.3d 310, 316-17 (2d Cir. 1993) (holding that the plaintiff's routine inclusion of the words "absolute and unconditional" in a guaranty did not change the scope of the defendant's obligations).

Even if, *arguendo*, the Guarantee is one of payment and performance, the text of the Guarantee clearly identifies which obligation is of "payment" (*i.e*., payment of expenses incurred by Plaintiff to enforce the Guarantee) and which is of "performance" (*i.e*., causing JTBC's performance). As such, even according to Plaintiff's own argument, it does not change that the Complaint is seeking a relief that goes beyond the text of the Guarantee. *Schenker,* 768 F. Supp. 3d at 574-75 ("the guarantor cannot be held responsible to guarantee a performance different from that which he intended or specified in the guaranty.").

Plaintiff's allegation that the Guarantee is "a result of arms-length negotiations between sophisticated parties" is irrelevant to the Motion because it was not pleaded in the Complaint. However, even if the allegation were true, it would support the conclusion that the Parties' usage of the term "primary guarantor," as opposed to "primary obligor" (which is the term generally used to denote an absolute and unconditional guaranty), was intentional. Opp. at 15; *see, e.g., Overseas Priv. Inv. Corp. v. Furman,* 2012 WL 967458, at \*7 (S.D.N.Y. Mar. 14, 2012); *Cityside Archives,*

*Ltd. v. Weiss*, 2020 WL 3972310, at *8 (S.D.N.Y. July 13, 2020); *Schenker*, 768 F. Supp. 3d at 576).

### C. Plaintiff Fails to Identify Any Allegation of Defendant's Failure to Perform.

The Opposition fails to specify any allegation in the Complaint about Defendant's failure to perform but merely points to allegations regarding JTBC. Opp. at 16-17. Plaintiff therefore failed to sufficiently plead not only the elements of the underlying debt, but also the elements for enforcing the Guaranty. *Thor 725 8th Ave. LLC v. Goonetilleke*, 138 F. Supp. 3d 497, 509 (S.D.N.Y. 2015) (holding that the guarantor's failure to perform is a necessary element to enforce a guaranty).

### D. Plaintiff Bears the Burden of Pleading Sufficient Facts Irrespective of Any Waiver.

Plaintiff argues that, because Defendant had "waived its defenses based on enforcement and validity of the Guarantee," the Motion should be denied. Opp. at 17. However, regardless of the existence of any waiver, Plaintiff bears the burden of pleading "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Cheung v. Sunrise Plaza, LLC*, 237 A.D.3d 799, 802 (2025) (holding that "contrary to the plaintiff's contention, the provision of the guaranty wherein [defendants] 'absolutely, unconditionally and irrevocably waive[d] any and all right to assert any defense' did not preclude them from holding the plaintiff to the terms of the promissory note").

Plaintiff's reliance on *Torin* is misplaced. *Torin* was a case involving a guaranty for a straightforward loan agreement where the defendant agreed to "remain liable as a principal until the full amounts of all sums payable [had…] been performed." *Torin Associates, Inc. v. Perez*, 2016 WL 6662271, at *2 (S.D.N.Y. Nov. 10, 2016). In contrast, (i) the Agreements are a complex set of bilateral obligations requiring Plaintiff's performance in full for it to be entitled to payment,

-6-

and (ii) the Guarantee does not obligate Defendant to "remain liable as a principal." *Id*.; Ex. A to Compl.; Kim Decl., Ex. A; Kim Decl., Ex. B.  The facts of this case are distinguishable from *Torin* and analogous to *Canterbury Realty*, where the plaintiff's own "wrongful conduct" prevented the plaintiff from enforcing an unconditional guaranty despite the waivers contained therein. *Canterbury Realty and Equip. Corp. v Poughkeepsie Sav. Bank*, 135 AD2d 102, 106-07 (3d Dept 1988).

## II. STAY IS NOT ONLY APPROPRIATE BUT ALSO NECESSARY TO PREVENT INJUSTICE.

Plaintiff is not a silent passenger dragged into the Arbitration against its will.  It asserted Counterclaims against JTBC, relying on the same facts and arguments and seeking the same relief sought by the Complaint.  Kim Decl., Ex. D, ¶ 75. Here, all relevant factors militate toward granting the stay, at the very least.

### A. Plaintiff Seeks to Hamper the Court's Discretionary Power to Manage Its Docket.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012).  Accordingly, the Guarantee cannot "preclude" the Court's inherent power.

The Guarantee does not preclude stay of the instant matter.  Since no underlying debt has been ascertained in the Arbitration, whether any defenses to enforcement may be raised is premature.  Under the circumstances, "any doubts concerning whether there has been a waiver [should be] resolved in favor of arbitration." *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.,* 67 F.3d 20, 25 (2d Cir.1995).  Furthermore, granting such a stay would not prevent giving full effect to the Guarantee, since such would not dispose of this case and Defendant has not raised

any jurisdictional objection. Opp. at 19. By arguing that the Guarantee "precludes" a stay, it is in fact Plaintiff that is "rewriting the Guarantee." *Id*.

### B. Plaintiff Cannot Deny that the Arbitration May Render This Case Moot.

Plaintiff does not deny that the outcome of the Arbitration may render this case moot. *See* Opp. at 19-20. Instead, Plaintiff argues that the stay should be denied because "there are distinct differences between the two proceedings." *Id*. at 19. However, when a pending arbitration concerns the same "central issue" as a lawsuit so that the arbitration may render the lawsuit moot, the lawsuit should be stayed in favor of the arbitration <u>even if the proceedings involve different parties and different agreements</u>. *Aurora Distributed Solar, LLC v. AKTOR, S.A.*, 2017 WL 11708413, at \*2 (S.D.N.Y. June 8, 2017); *KCG Holdings, Inc. v Khandekar*, 2018 WL 485978, at \*3 (S.D.N.Y. Jan. 18, 2018). Plaintiff's reliance on *Illinois* is misguided, because the arbitration in that case concerned amounts due for coverage pursuant to various insurance agreements, whereas the litigation concerned a separate bond which acted as a form of security for the insurance agreements. *Illinois Nat'l Ins. Co. v. U.S. Fid. & Guar.*, 2008 WL 4840821, at \*7 (S.D.N.Y. Nov. 5, 2008). In contrast, Plaintiff's claims in the Arbitration are the very underlying debt that it is alleging in this action.

Plaintiff's argument that JTBC "manufactured this dispute to effectuate a stay" is not only irrelevant to the Motion but also amounts to an allegation of bad faith. Opp. at 19. Plaintiff alleges no facts to support such a serious accusation, let alone facts sufficient to meet the "heightened pleading standard" required. *Rey-Willis v. Citibank, N.A.*, 2003 WL 21714947, at \*7 (S.D.N.Y. July 23, 2003). Nor does *Hitachi* support Plaintiff's argument. Opp. at 19-20. In *Hitachi*, the party that sought a stay was the same party that commenced an arbitration based on the same claims. *Hitachi Construction Machinery Co., Ltd v. Weld Holdco, LLC*, 2023 WL 8452389, at

*11 (S.D.N.Y. Dec. 6, 2023). Here, JTBC is not the one seeking a stay, and its claims in the Arbitration against Plaintiff are not before this Court. Nor did JTBC "bring a request for declaratory relief so that JoongAng can stay this action." Kim Decl., Ex. C., ¶ 74; Opp. at 20. It is Plaintiff that is asserting the same claims in the Arbitration and in this action, not JTBC or Defendant. Kim Decl., Ex. D, ¶ 75. The only party, if any, that has conducted itself improperly is Plaintiff – knowing fully that its claim against JTBC needed to be arbitrated, Plaintiff rushed to this Court prematurely without even attempting to seek an amicable resolution with JoongAng or JTBC. Kim Decl., Ex. C, ¶ 70. Under the circumstances, a stay is appropriate.

### C. Plaintiff Cannot Deny the Risk of Inconsistent Outcomes.

Plaintiff argues that "[t]his Court will not need to grapple with the existence of an underlying debt in order to enforce the Guarantee." Opp. at 21. This is plainly incorrect because the existence of an underlying debt is a necessary element of enforcing a guarantee. *Thor*, 138 F. Supp. 3d at 509. Ascertaining the underlying debt is necessary to ensure that the guarantor's liability is not greater than that of the primary obligor. *Dig Ssof Evanston Lender, LLC*, 227 A.D.3d at 409.

Plaintiff does not deny that inconsistent outcomes between this action and the Arbitration will result in waste of judicial resources. Opp. at 20-21. Plaintiff merely argues that in certain cases, such as *Illinois*, judicial economy did not warrant a stay. *Id*. at 21. However, *Illinois* is not informative here, as the court determined that the arbitration and the litigation concerned issues which were neither common nor dependent on each other. *Illinois*, 2008 WL 4840821, at *7 (S.D.N.Y. Nov. 5, 2008). That is not the case here. A stay is warranted where it "will conserve resources… and the outcome of the arbitration will have obvious potential to moot, narrow, or

inspire the settlement of claims in this litigation." *Yost v Everyrealm, Inc.*, 2023 WL 2859160, at *12 (S.D.N.Y. Apr. 10, 2023).

### D. Abiding By the Arbitration Agreement Does Not Prejudice Plaintiff.

Plaintiff argues that it will be prejudiced by having to abide by the arbitration agreement it willingly entered with JTBC. Opp. at 22. In determining whether a non-moving party will suffer prejudice by a stay, the court considers "(1) the time elapsed from the commencement of litigation to the request for arbitration; (2) the amount of litigation…; and (3) proof of prejudice." *S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83 (2d Cir.1998). None of these factors militate in Plaintiff's favor. First, less than two months had elapsed between the Complaint's filing and the Arbitration's commencement. Kim Decl., Ex. C; *compare with S & R Co.*, 159 F.3d at 83 (petitioners imposed undue delay by having "actively participated in the litigation for 15 months before seeking to invoke their right to arbitrate on the eve of trial"); Second, this action is still in its infancy – no answer has been filed, no procedural timetable has been agreed, and no trial date has been set. Third, Plaintiff submitted no proof of prejudice, nor has there been any pre-trial discovery. The situation was different in *Hitachi*, where arbitration was commenced over six months after filing of the Complaint and subsequent to a joint case management plan, following which the defendants filed an amended answer that newly asserted counterclaims. *Hitachi*, 2023 WL 8452389, at *4. Plaintiff also failed to specify why the Arbitration would not be concluded within the six-month period prescribed in the ICC rules. Plaintiff's "outrage" at not being "able to obtain payment in federal court" when it wants to is also misguided. Plaintiff should not expect to be able to skip critical steps – such as establishing the underlying debt – to enforce the Guarantee.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant the Motion.

| | |
|---|---|
| Dated: July 25, 2025<br>New York, New York | Respectfully submitted,<br><br>*/s/ Joseph M. DeFazio*<br>Joseph M. DeFazio<br>Troutman Pepper Locke LLP<br>875 Third Avenue<br>New York, New York 10022<br>(212) 704-6162<br>joseph.defazio@troutman.com<br><br>Jinhee Kim *(pro hac vice)*<br>Yong Ik Lee *(pro hac vice)*<br>Jipyong LLC<br>26F, Grand Central A<br>14 Sejong-daero, Jung-gu<br>Seoul 04527, Republic of Korea<br>+82-2-6200-1782<br>jinheekim@jipyong.com<br>yilee@jipyong.com<br><br>*Attorneys for Defendant JoongAng Ilbo Co., Ltd.* |

-12-

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing memorandum of law complies with all formatting requirements of this Court and contains 3,224 words, including footnotes and headings but excluding the cover page, this certificate, the tables, and the signature blocks. I relied on the word count of the Microsoft Word computer program used to prepare this brief.

Dated: New York, New York
      July 25, 2025

                                                */s/ Joseph M. DeFazio*
                                                Joseph M. DeFazio