**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
                    :

LADIES PROFESSIONAL GOLF       :
ASSOCIATION,       :
                    :

             Plaintiff,    :      Civil Action No.: 1:25-cv-02493-ALC
                    :

              v.         :

                    :

JOONGANG ILBO CO., LTD.,      :
                    :

            Defendant.    :
------------------------------------------------------------- x

## PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person or entity subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby agree to the following Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends

only to the limited information and tangible things that are entitled to confidential treatment under the applicable legal principles.

2.    DEFINITIONS

2.1    "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.2    "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.3    "Action" means the above-captioned litigation.

2.4    "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained, that are produced or generated in disclosures, productions, testimony, or responses to discovery in this matter.

2.5    "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.6    "Designating Party" means any Party or Non-Party who designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" in this Action.

2.7    "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party in this Action.

2.8    "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

2.9    "Counsel" means Outside Counsel of Record and House Counsel (as well as their support staff).

2.10    "House Counsel" means attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    "Outside Counsel of Record" means attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party.

2.12    "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as a testifying or consulting expert in this action, (2) is not a current employee, contractor, or consultant of a Party, Party's affiliate, or Party's competitor, (3) has not been an employee of, contractor of, or consultant of a Party or a Party's affiliates at any point during the previous five years, and (4) at the time of retention, is not anticipated to become an employee, contractor, or consultant of a Party, Party's affiliate, or Party's competitor.

2.13    "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors as well as e-discovery vendors, jury and trial consultants, and discovery contract attorneys.

2.14    "CONFIDENTIAL Protected Material" means materials, documents, information, and things the Designating Party reasonably and in good faith believes is not generally known to others, and which (i) the Designating Party would not normally reveal to the public or third parties, or, if disclosed to third parties, is such that the Designating Party would require such third parties to maintain the information in confidence, or (ii) constitutes or contains any information of a personal or intimate nature regarding any individual.

2.15    "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Protected Material" means materials, documents, information, and things that have not been made public by the Designating Party and that the Designating Party reasonably and in good faith believes contains or comprises previously nondisclosed proprietary or sensitive business information.  This includes information that the Designating Party reasonably and in good faith believes is so highly sensitive that its disclosure to another could result in significant competitive or commercial disadvantage to the Designating Party.

3.    SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain, including through trial or otherwise, after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, another Court's Order, unlawful conduct, or a breach of a confidentiality obligation to the Designating Party.  Any use of Protected Material at trial will be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the

completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated at the time the material is disclosed or produced.

With respect to Disclosure or Discovery Material, the Producing Party or that Party's Counsel may designate such Discovery Material by stamping or otherwise clearly marking as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"

in a manner that will not interfere with legibility or audibility. For Electronically Stored Information ("ESI"), the Producing Party will comply with additional requirements (if any) of any ESI Protocol agreed to by the Parties.

With respect to deposition transcripts and exhibits, a Producing Party or that Party's Counsel may either (i) identify on the record that a question calls for confidential material, or (ii) identify in writing, within thirty (30) business days of receipt of the final transcript by notifying all Parties in writing of the transcript(s) and/or page and line number that must be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceedings to include Protected Material so that the other parties can share that only authorized individuals who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

In the event that a Party desires to designate specific answers or responses to interrogatories or requests for admission as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," the Party shall insert the appropriate designation at the beginning of the specific answer or response, or shall otherwise prominently specify in writing on the face of the relevant document(s) which answers or responses have been so designated.

5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified Disclosure or Discovery Material does not waive the Designating Party's right to secure protection under this Protective Order for such material, provided that the Designating Party shall use best efforts to provide written notice to all non-producing Parties within seven (7) days of discovery of

the inadvertent failure to designate by Outside Counsel of Record for the Designating Party and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation. Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order, which may require a Party to withdraw access to Protected Material that was given to a person who would not be authorized to have access under the new designation. Within a reasonable time after the correction of a designation, a Receiving Party must provide notice to the Designating Party of all persons who received access to the Protected Material who are no longer authorized to have access under the new designation. Disclosure of Protected Material to persons who are no longer authorized to have access under the new designation prior to receipt of the new designation shall not be deemed a violation of this Protective Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Process.  A Party may submit a challenge by providing written notice to the Designating Party of the reasons for the objection.  The Parties shall attempt to resolve in good faith any such challenge via meet-and-confer.  If the Parties cannot resolve the challenge within ten (10) days of a Party's written notice of objection, the Party challenging the designation may file an appropriate letter and/or motion, in accordance with applicable local rules and the Court's

Individual Practices, requesting that the Court determine whether the disputed information should remain subject to the terms of this Protective Order.  If a motion is filed, the disputed material shall continue to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" per the designation until such time as the Court rules on the motion. At all times, the burden shall be on the Producing Party to demonstrate why the confidentiality designation at issue is warranted.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1     Basic Principles.

      (a)     A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation and associated appeals.

      (b)     Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

      (c)     A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

      (d)     Recipients of Protected Material that do not constitute a Receiving Party (e.g., Experts) shall take reasonable measures to safeguard the security and confidentiality of such Protected Material.

      7.2     Security of Protected Material.  Each person who has access to Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

      7.3     Disclosure of "CONFIDENTIAL" Protected Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

Protected Material designated as "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in Section 2 of this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    stenographers, court reporters, and videographers and other persons engaged in recording or transcribing hearings, trial testimony, or depositions conducted in this action, and their staffs, to whom disclosure is reasonably necessary for this litigation and who are bound to treat any material provided to them as confidential;

(f)    professional jury or trial consultants including mock jurors and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and to whom disclosure is reasonably necessary for this litigation;

(g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material;

(i)  any mediator or arbitrator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(j)  others, if the Designating Party so agrees in writing or, for good cause shown in a noticed motion, the Court so permits, provided that such person has first executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4  Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Protected Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5(a), below, have been followed;

(c)  the Court and its personnel;

(d)  stenographers, court reporters, and videographers and other persons engaged in recording or transcribing hearings, trial testimony, or depositions conducted in this action, and their staffs, to whom disclosure is reasonably necessary for this litigation and who are bound to treat any material provided to them as confidential;

(e)       professional jury or trial consultants including mock jurors and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and to whom disclosure is reasonably necessary for this litigation;

(f)       the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material;

(g)       any mediator or arbitrator who is assigned to this matter and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(h)       others, if the Designating Party so agrees in writing or, for good cause shown in a noticed motion, the Court so permits, provided that such person has first executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.5     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" Disclosure or Discovery Material to Experts.

(a)       Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Protected Material, must first make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Protected Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) to the extent practicable and not violative of any pre-existing confidentiality or other obligations, identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of

expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the Party to the litigation for whom such work was done, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)    A Party that makes a request and provides the information specified in Section 7.5(a) may disclose the subject Protected Material to the identified Expert unless, within fourteen (14) calendar days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within ten (10) calendar days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a "Pre-Motion Letter to Resolve Discovery Dispute" and the Parties shall submit a joint letter in accordance with the Court's procedures for disputes relating to discovery matters and protective orders.

In any such proceeding, the Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification must include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification must include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order must not produce any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protected Material.  The Designating Party bears the burden and expense of seeking protection in that court of its material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Protective Order provides against disclosure in any other litigation.

8.2    The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1    Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Protective Order.

9.2    The terms, remedies, and relief provided by this Protective Order are applicable to Disclosure or Discovery Material produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.3    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

(b)    promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

9.4    If the Non-Party fails to object or seek a protective order within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

10.      <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The production of privileged or work-product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  If a Producing Party makes a claim of inadvertent disclosure, the Receiving Party shall not thereafter review the inadvertently disclosed information for any purpose, except by order of the Court.  The Receiving Party shall, within five (5) business days, return or destroy all copies of the inadvertently disclosed information and any notes or summaries referring or relating to the inadvertently disclosed information, and provide a certification that all such information has been returned or destroyed.  Within five (5) business days of such notification, the Producing Party shall produce a privilege log with respect to the inadvertently disclosed information.

If the Receiving Party discovers or reasonably believes that the Producing Party has inadvertently produced material that may be subject to attorney-client privilege, work-product protection, or any other applicable privilege or protection, the Receiving Party shall promptly notify the Producing Party in writing of such belief.  Upon such notification, the procedures set forth in this Section shall apply as though the Producing Party had itself made a claim of inadvertent disclosure.

As with any information redacted or withheld, the Receiving Party may seek an order from the Court compelling production of the inadvertently disclosed information.  The Receiving Party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.  The Producing Party retains the burden of establishing the privileged or protected nature of any information.

11.    MISCELLANEOUS

11.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2    Right to Assert Other Objections.  By agreeing to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    Filing Protected Material.  Whenever a Party seeks to file with the Court any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or any papers containing or revealing such information, the filing Party shall file such material in compliance with any applicable local rules and the Court's Individual Practices.  Nothing in this Section, however, shall preclude a Party from filing material that the Party itself has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in unredacted form.  If a Party or Non-Party delivers any Protected Material to the Court, such delivery will comport with all applicable Court rules.

In accordance with Section 6.D of the Individual Practices of the Honorable Andrew L. Carter, Jr., the Parties must obtain leave from the Court before filing any document under seal, and any sealing request shall include the Party's proposed redactions.  If leave is granted, the Party must file redacted copies with the Clerk of the Court.

11.4    Privilege Logs.  The Parties' agreement regarding the requirements for, timing, format, and content of privilege logs will be memorialized in the Parties' ESI Protocol.

11.5    Notices.  All notices and written certifications required by this Protective Order are to be served by email on all Outside Counsel of Record for the applicable Party.

11.6    No Withholding Based on Confidentiality Designation.  No Party may withhold a document from discovery in whole or in part exclusively on the basis that it contains CONFIDENTIAL Protected Material or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Protected Material.

11.7    Preservation.  Each Party represents that it has taken appropriate steps to preserve what it knows or reasonably should know is relevant in the Action, is reasonably calculated to lead to the discovery of admissible evidence in the Action, and/or is reasonably likely to be requested during discovery in the Action.

11.8    Effective Date.  This Protective Order shall be effective on the date the Court "So Orders" it, after which the Parties may produce documents and information and designate the material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

12.    FINAL DISPOSITION

Within sixty (60) calendar days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.  Each Receiving Party shall also ensure that any Protected Material that was provided by it to any Expert and/or Professional Vendor has been destroyed, and that such Expert and/or Professional Vendor has not retained any copies of such Protected Material, and shall confirm the same to the Producing Party (and if not the same person or entity, to the Designating Party) by the sixty (60) day deadline.

13.    <u>OTHER PROCEEDINGS</u>

By entering this Protective Order and limiting the disclosure of Disclosure or Discovery Material in this case, the Court does not intend to preclude another court from finding that Disclosure or Discovery Material may be relevant and subject to disclosure in another case.  Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that Protected Material should be disclosed.

Dated: May 12, 2026

By: */s/ Anthony J. Dreyer*

Anthony J. Dreyer
Eliza S. Edlich
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Anthony.Dreyer@skadden.com
Eliza.Edlich@skadden.com

*Attorneys for Plaintiff Ladies*
*Professional Golf Association*

By: */s/ Joseph M. DeFazio*

Joseph M. DeFazio
Troutman Pepper Locke LLP
875 Third Avenue
New York, New York 10022
(212) 704-6162
joseph.defazio@troutman.com

Jinhee Kim (*pro hac vice*)
Yong Ik Lee (*pro hac vice*)
Jipyong LLC
26F, Grand Central A
14 Sejong-daero, Jung-gu
Seoul 04527, Republic of Korea
+82-2-6200-1782
jinheekim@jipyong.com
yilee@jipyong.com

*Attorneys for Defendant JoongAng*
*Ilbo Co., Ltd.*

SO ORDERED.

Dated: ___May 12___, 2026

_____
HON. ANDREW L. CARTER, JR.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

LADIES PROFESSIONAL GOLF
ASSOCIATION,

                      Plaintiff,

                      v.

JOONGANG ILBO CO., LTD.,

                      Defendant.

---------------------------------------------------------- x

:    Civil Action No.: 1:25-cv-02493-ALC

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of New York in the case of *Ladies Professional Golf Association v. JoongAng Ilbo Co., Ltd.* (the "Action"). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____